IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CAPITAL COMMERCIAL LEASING CORPORATION,**

**Plaintiff,**

**v.**

**DOUGLAS T. TALLEY,**

**Defendant.**                                                  **No. 05-CV-635-DRH**

### ORDER

**HERNDON, District Judge:**

Obtaining a default judgment is a two-step process. First, a party seeks an entry of default from the clerk. **FED. R. CIV. P. 55(a)**.[1] Second, she seeks a default judgment. **Fed. R. Civ. P. 55(b)**. There is a clear distinction between the two steps. *See **Lowe v. McGraw-Hill Cos.**, 361 F.3d 335, 339 (7th Cir. 2004)*; *see also **In re Catt**, 368 F.3d 789, 793 (7th Cir. 2004)*; ***United States v. Di Mucci**, 879 F.2d 1488, 1490 n.3 (7th Cir. 1989)*.

Here, Plaintiff neglects the first step and moves directly to the second. Instead of seeking an entry of default from the clerk, Plaintiff requests an "entry of judgment by default" from this Court. (Doc. 5, ¶ 4.) This is improper. As **Rule 55**

---

[1] "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." **FED. R. CIV. P. 55(a)**.

indicates, before seeking a default judgment, a plaintiff must first obtain an entry of default from the clerk.  Because Plaintiff has failed to do so, the Court **DENIES** Plaintiff's motion for a default judgment.  (Doc. 5.)

      **IT IS SO ORDERED**.

Signed this 2nd day of December, 2005.

<u>/s/           David RHerndon</u>
**United States District Court**
